UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-0387(1) (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| ISRAEL ACEVES-LOPEZ, | |
| Defendant. | |

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew S. Garvis, KOCH & GARVIS, for defendant.

Defendant Israel Aceves-Lopez is charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. ECF No. 1. Following a pretrial detention hearing, Magistrate Judge Elsa M. Bullard ordered Aceves released to a halfway house with conditions. ECF Nos. 90–92.

This matter is before the Court on the government's motion, pursuant to 18 U.S.C. § 3145(a)(1), to revoke the order of release. Having conducted its own hearing and reviewed the matter de novo, *see United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985) (en banc), the Court grants the government's motion and orders that Aceves be detained pending trial.

The purpose of pretrial conditions is to reasonably assure the defendant's appearance in court and avoid endangering the safety of any other person or the community.  *See* 18 U.S.C. § 3142(c)(1).  In this case, the Court is not concerned about Aceves endangering the safety of the community while awaiting trial; the Court is, however, gravely concerned about Aceves failing to appear at trial.

Under 18 U.S.C. § 3142(e), a court may order that a defendant be detained pending trial only if the government proves by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  When there is probable cause to believe that the defendant has committed a drug-trafficking offense that carries a maximum term of imprisonment of ten years or more, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(A).  As noted, Aceves is charged with conspiracy to distribute 500 or more grams of methamphetamine, which carries a maximum sentence of life.  *See* 21 U.S.C. § 841(b)(1)(A).  Consequently, the rebuttable presumption applies, and Aceves "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose . . . a risk of flight."  *Abad*, 350 F.3d at 797 (citation and quotation marks omitted).

The Court finds that Aceves has met his burden of production through evidence that he has a common-law wife and children in the United States, no prior criminal record, no known involvement with guns or violence, and no known connections to a cartel.  The Court also finds, however, that the government has proved, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Aceves's appearance.

There is substantial evidence that Aceves participated with his brother in a long running drug-trafficking conspiracy involving very large quantities of methamphetamine.  If convicted of the charge against him,  Mr. Aceves will be facing a ten-year mandatory minimum (unless he qualifies for the safety valve) and likely a much higher (albeit advisory) Guidelines range.

It also appears that Aceves does not have legal status in the United States.  As a result, he will almost certainly be deported following the conclusion of these proceedings—whether he is convicted or not—and never allowed to return to the United States.  The Court appreciates that Aceves's family lives in California.  But most likely, Aceves will never live (legally, at least) in California again.  One way or another, Aceves is going to end up in Mexico.  He can stand trial and, if convicted, be deported after serving a long prison sentence—or, if acquitted, be deported.  Or he can self-deport before trial and not risk the long prison sentence.

Aceves really has no reason *not* to flee, and being ordered to live in a halfway house and wear a GPS device will do virtually nothing to assure his appearance. Halfway houses are not locked facilities; Aceves can walk out the door at any time. And GPS devices can easily be removed.

For these reasons, the Court grants the government's motion and orders that Aceves be detained pending trial.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     Plaintiff's motion [ECF No. 88] is GRANTED.

2.     Defendant Israel Aceves-Lopez is hereby ordered DETAINED under 18 U.S.C. § 3142(e).

3.     Aceves-Lopez is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4.     Aceves-Lopez must be afforded reasonable opportunity for private consultation with counsel.

5.     On order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Aceves-Lopez is confined

must deliver him to the United States Marshal for the purpose of an

appearance in connection with a court proceeding.


Dated: November 25, 2025                    /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court